UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARCELO TAROCO, and
FRANCISCO DURAN,

      Plaintiffs,

v.

M&M CHOW LLC, d/b/a
KC MARKET

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MARCELO TAROCO ("Taroco") and FRANCISCO DURAN ("Duran"), by and through undersigned counsel, hereby sue Defendant, M&M CHOW LLC, d/b/a KC MARKET ("KC Market"), and allege as follows:

## INTRODUCTION

1. This is an action by Plaintiffs against Defendant for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. Plaintiffs seek damages and reasonable attorney's fees, together with other relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this case arises under the FLSA.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because Plaintiffs were employed by Defendant in a location within this district and a substantial amount of the actions at issue occurred in this district.

## THE PARTIES

4. At all material times, Plaintiff Taroco was a resident of Miami-Dade County, Florida, and an "employee" of Defendant within the meaning of the FLSA.

5. At all material times, Plaintiff Duran was a resident of Broward County, Florida, and an "employee" of Defendant within the meaning of the FLSA.

6. At all material times, Defendant KC Market operated as a kosher grocery store offering butcher, deli, bakery and similar food products and services at its location in Broward County, Florida.

7. At all material times, Defendant KC Market was the "employer" of Plaintiffs within the meaning of the FLSA.

8. At all material times, Defendant KC Market was an enterprise engaged in commerce covered by the FLSA, and as defined by 29 U.S.C. §203(r) and §203(s).

9. At all material times, Defendant KC Market earned gross earnings of at least $500,000.00 annually.

10. At all material times, Defendant KC Market had two or more employees engaged in commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

11. Plaintiffs were employees of Defendant KC Market and were individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

12. At all times material hereto, the work performed by Plaintiffs were directly essential to the business performed by Defendant KC Market.

## GENERAL FACTUAL ALLEGATIONS

13. Plaintiff Taroco was employed as a butcher by Defendant KC Market from 2017 to

2020.

14. Plaintiff Duran was employed as a butcher by Defendant KC Market in 2020.

15. Plaintiffs did not have the authority to hire or fire any of Defendant KC Market's employees.

16. Plaintiffs did not have the authority to discipline any of Defendant KC Market's employees.

17. Throughout his employment, Plaintiff Taroco worked in excess of forty (40) hours per week.

18. Throughout his employment, Plaintiff Duran worked in excess of forty (40) hours per week.

19. Throughout their employment, Plaintiffs did not receive the required overtime rate for each hour worked in excess of forty (40) hours per week.

20. Documentation evidencing the number of hours worked by Plaintiffs and the compensation actually paid to Plaintiffs is in the possession, custody, and control of Defendant KC Market.

21. Plaintiffs have retained the undersigned law firm to represent them in this matter and have agreed to pay the law firm a reasonable fee for its services.

### COUNT I - UNPAID OVERTIME WAGES
### By Plaintiff Taroco

22. Plaintiff Taroco re-alleges and incorporates paragraphs 1 through 21, as if fully set forth herein.

23. Throughout Plaintiff Taroco's employment, Defendant KC Market repeatedly and willfully violated § 7 and § 15 of FLSA by failing to compensate Plaintiff Taroco the required overtime rate for each hour worked in excess of forty (40) hours per week.

24. Defendant KC Market did not act in good faith or reliance upon any of the following in formulating its decision to improperly compensate Plaintiff Taroco the appropriate overtime rate for hours worked in excess of forty (40) hours per week:  (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

25. As a direct and proximate result of Defendant KC Market's willful violation of the FLSA, Plaintiff Taroco is entitled to liquidated damages pursuant to the FLSA.

**WHEREFORE**, Plaintiff Taroco demands a judgment against Defendant KC Market for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the overtime wages found to be due and owing as liquidated damages;

(c) Reasonable attorney's fees and costs pursuant to the FLSA; and

(d) Such other relief as the Court deems just and equitable.

### COUNT II - UNPAID OVERTIME WAGES
### By Plaintiff Duran

26. Plaintiff Duran re-alleges and incorporates paragraphs 1 through 21, as if fully set forth herein.

27. Throughout Plaintiff Duran's employment, Defendant KC Market repeatedly and willfully violated § 7 and § 15 of FLSA by failing to compensate Plaintiff Duran the required overtime rate for each hour worked in excess of forty (40) hours per week.

28. Defendant KC Market did not act in good faith or reliance upon any of the following in formulating its decision to improperly compensate Plaintiff Duran the appropriate overtime rate for hours worked in excess of forty (40) hours per week:  (a) case law, (b) the FLSA, 29 U.S.C. §

201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

29. As a direct and proximate result of Defendant KC Market's willful violation of the FLSA, Plaintiff Duran is entitled to liquidated damages pursuant to the FLSA.

**WHEREFORE**, Plaintiff Duran demands a judgment against Defendant KC Market for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the overtime wages found to be due and owing as liquidated damages;

(c) Reasonable attorney's fees and costs pursuant to the FLSA; and

(d) All other and further relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable in this matter.

Dated:  January 4, 2021

Respectfully Submitted,

By:   */s/ Gustavo A. Bravo*
Gustavo A. Bravo
Florida Bar No.:  551287

**BRAVO LAW**
1555 Bonaventure Blvd.
Suite 2007
Weston, FL 33326
Telephone: (954) 790-6711
Primary:  gbravo@lawbravo.com
Secondary: efile@lawbravo.com