UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60006-STRAUSS

**MARCELO TAROCO,** *et al.*,

    Plaintiffs,

v.

**M&M CHOW, LLC,**

    Defendant.
_____/

## **ORDER**

THIS MATTER came before the Court upon the Joint Motion to Reopen Case and for Entry of Order of Dismissal Without Prejudice Allowing Parties to Proceed to Binding Arbitration of All Claims ("Motion to Reopen") [DE 44].

Plaintiffs commenced this action under the Fair Labor Standards Act ("FLSA") on January 4, 2021 [DE 1]. The following day, they filed an Amended Complaint [DE 4] alleging claims for unpaid overtime under the FLSA and for unpaid minimum wages under the Florida Minimum Wage Act. On June 30, 2021, the parties notified the Court that they reached a settlement [DE 34]. Therefore, the Court entered the Order Requiring Submission of Settlement Agreement for Court Approval [DE 35], which stated, *inter alia*, the following:

> The parties to an FLSA suit may settle that suit only under one of the following two circumstances: (1) where the settlement is supervised by the Secretary of Labor, pursuant to 29 U.S.C. § 216(c); or (2) where a district court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Before a district court may approve an FLSA settlement, however, it must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See id.* at 1354-55. Additionally, where a settlement must be approved by the Court, the settlement becomes a part of the

>judicial record, and therefore, may not be deemed confidential even if the parties so consent. *See, e.g.*, *Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002). Thus, the parties are instructed **not** to submit their settlement agreement under seal.

The parties subsequently filed a Joint Motion to Approve Settlement and Joint Stipulation for Dismissal with Prejudice [DE 36] ("Motion to Approve"), seeking approval of their settlement of Plaintiffs' FLSA claims. They attached two separate FLSA settlement agreements (one for each Plaintiff) to the Motion to Approve. However, the parties also entered into separate non-FLSA settlement agreements, and they did not attach these separate non-FLSA settlement agreements to the Motion to Approve. They did not even mention the separate agreements in the Motion to Approve – only briefly referring to a "separate Confidential Settlement Agreement and General Release" in the merger provision of each FLSA settlement agreement. After inquiring regarding the references to separate agreements [*see* DE 38], the Court ordered the parties to submit the separate agreements for an *in camera* review [*see* DE 40]. The Court then held a hearing on the Motion to Approve. Following the hearing, the Court denied the Motion to Approve without prejudice by written Order [DE 43], raising various concerns, including concerns regarding the fairness of the parties' proposed FLSA settlement(s). In that Order, the Court ordered the parties to file, by August 9, 2021, a renewed motion for approval of settlement (after addressing the Court's concerns) or a motion to reopen this case (if the parties were unable to reach an agreement that resolved the issues discussed in the Order).

Unable to reach a settlement resolving the Court's concerns, the parties have filed the Motion to Reopen. However, rather than seeking to reopen the case to allow the parties to proceed with litigation in this Court, the Motion to Reopen requests that the Court reopen the case in order to dismiss it *without prejudice*, indicating that the parties wish to proceed with binding arbitration in lieu of litigating the case in this Court. Given that the parties have agreed to arbitrate their

claims, the Court sees no reason to deny the parties' arbitration request. However, the Court finds that a stay of this case is more appropriate than dismissal without prejudice. *See De Pombo v. IRINOX N. Am., Inc.*, No. 20-CV-20533, 2020 WL 2526499, at *10 (S.D. Fla. May 18, 2020) ("Defendants request that this case be dismissed upon being submitted to arbitration. However, 'because a settlement of FLSA claims would appear to require judicial supervision, the Court finds that a stay is the more appropriate course to take here.'" (citations omitted)).[1]

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that:

1. The Motion to Reopen [DE 44] is **GRANTED IN PART AND DENIED IN PART**.

2. The parties' request to proceed to binding arbitration before D. Andrew Byrne, Esq. on all claims raised in this action is granted.

3. This case is hereby **STAYED** pending arbitration and shall remain **ADMINISTRATIVELY CLOSED** pending further order of the Court.

---

[1] In paragraph 15 of the Motion to Reopen, the parties contend that Court approval under *Lynn's Food* is not necessary when parties seek to dismiss a case without prejudice. However, "some courts have held 'that in order to effectuate the Eleventh Circuit's requirement dictated by *Lynn's Food*, even dismissals without prejudice require the Court to review any settlement agreement that has been reached by the parties.'" *Seliem v. Islamic Soc'y of Tampa Bay Area, Inc.*, No. 8:18-CV-1590-T-33AEP, 2018 WL 4925687, at *1 (M.D. Fla. Oct. 2, 2018) (quoting *Lugo v. Eddisons Facility Servs., LLC*, No. 17-62091-CIV-DIMITROULEAS, 2017 U.S. Dist. LEXIS 205885, at *2 (S.D. Fla. Dec. 12, 2017) & citing *Chang v. Yokohama Sushi Inc.*, No. 17-80774-MIDDLEBROOKS/BRANNON, 2017 U.S. Dist. LEXIS 178541, at *1-2 (S.D. Fla. Oct. 25, 2017)). As the court noted in *Seliem*, one problem with granting dismissals in FLSA cases without judicial review is that "litigators may use dismissals without prejudice as a tool to effect an end-run around the policy concerns articulated in both the FLSA and *Lynn's Food Stores*." 2018 WL 4925687, at *1. Given the history of this case, as described further in the Court's Order [DE 43] denying the Motion to Approve, the concerns expressed in *Seliem* are particularly salient and potentially implicated here. Therefore, while the parties are free to resolve this case by arbitration, the Court cannot acquiesce to dismissal without prejudice, and the parties will be required to present any settlement they may reach to this Court for approval.

4. If the parties reach a settlement, they must file a motion in this case to seek approval of their settlement. In doing so, the parties shall ensure that they comply with the Court's Order addressing the issues with their prior settlement agreements [DE 43].

5. The parties shall file a joint status report regarding the status of the arbitration proceedings every **3 months**, beginning on **November 9, 2021**.

6. The Court retains jurisdiction over this matter, including to review the fairness of any settlement the parties reach.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 10th day of August 2021.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge