**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 0:21-cv-60006-STRAUSS

MARCELO TAROCO and
FRANCISCO DURAN,

    Plaintiffs,

v.

M&M CHOW LLC, d/b/a KC MARKET,

    Defendant.
_____/

## JOINT MOTION FOR CLARIFICATION OF AUGUST 10, 2021 ORDER [ECF NO. 45]

Plaintiffs, MARCELO TAROCO AND FRANCISCO DURAN, and Defendant M&M CHOW LLC, D/B/A KC MARKET (collectively the "Parties"), by and through their undersigned counsel, hereby move for clarification of the Court's August 10, 2021 Order [ECF No. 45], and jointly state as follows:

1. On June 30, 2021, the Parties notified the Court that they had reached a settlement [ECF No. 34]; and on July 12, 2021, the Parties filed their Joint Motion to Approve Settlement Agreement and Joint Stipulation for Dismissal with Prejudice [ECF No. 36].

2. On July 28, 2021, after the Parties filed a supplement to the joint motion [ECF no. 39], and the Court conducted a hearing with counsel, the Court entered an order denying, without prejudice, the Parties' Joint Motion to Approve Settlement [ECF No. 43]. The parties were directed to either file a renewed motion for approval or move to reopen the case. *Id.*

3. Despite the Parties' best efforts they have been unable to reach a resolution of this matter. Accordingly, consistent with the Court's directive, the Parties, on August 9, 2021, moved the Court to reopen the matter and simultaneously enter an order dismissing this action, without

prejudice, to enable the Parties to instead submit both the FLSA claims and the non-FLSA claims to binding arbitration.

4. On August 10, 221, the Court entered an Order staying the case pending arbitration and granting the Parties' request to proceed to binding arbitration. [ECF No. 45] The Court also ordered that if the Parties reach a settlement, they must file a motion in the case to seek approval of their settlement; and retained jurisdiction over this matter, including to review the fairness of any settlement the Parties reach. *See id*. The Court also required 90-day status reports "regarding the status of the arbitration proceedings." *Id.*

5. In accordance with the Court's Order, the Parties intend to submit to binding arbitration before Arbitrator Andrew D. Byrne, Esq. The Parties, however, submit the instant filing to seek clarification from the Court regarding the outcome of the Arbitration proceedings. Specifically, the Parties respectfully request that the Court clarify whether the Parties will need to submit the results of any dispositive motion or ultimate finding or judgment from the Arbitrator to the Court for its confirmation, or if the Parties are only required to submit copies of any settlement agreement reached during the binding Arbitration.

6. As the Court has made clear, and as the parties recognize, the parties cannot enter into an enforceable settlement of an FLSA claim absent court review. The Parties take no issue with this.

7. However, nothing in *Lynn's Food*, or in any other case the parties could find, requires that the parties in an FLSA case are mandated to submit ultimate merits findings or any *judgment* in arbitration specifically to this or any district court for review or confirmation, given that such judgment would not be the result of a compromise (the sole issue governed by *Lynn's Food*). Indeed, regardless of which party prevails, they may neither require nor desire confirmation

of an award. For example, If Plaintiffs prevail in whole or in part, Defendant may pay any judgment, rendering confirmation unnecessary. If Defendant prevails, in whole or in part, it may not wish to incur the additional costs of seeking confirmation of that award. Regardless, the parties should retain the right to decide how they respond to any judgment.

8. Under the Court's latest Order [ECF No. 45], however, the parties appear to be required to regularly update the Court on the status of the arbitration regardless of its outcome, and to bring the matter to the Court for its review, even if the matter proceeds to judgment in arbitration and is not settled. At the very least, the Order, which discusses settlement, left this final issue unclear because Paragraph 5 of the order contains no limitations, while footnote 1 limits the order to "any settlement." While the parties recognize the Court has ruled that it must approve any settlement reached in arbitration for any such settlement to be enforceable, the Parties do not believe *Lynn's Food* requires or permits the Court to order the parties, who have agreed to arbitrate a claim (unquestionably permitted by the Supreme Court even in FLSA cases), to be required to file continued merits-related status reports as well as bring any judgment in arbitration to this Court for its review, if they do not settle the claim.[1]

9. Accordingly, the parties seek clarification as to this final issue, namely resolution of this case unrelated to settlement and the need for status reports unrelated to settlement. To be clear, if the Court wishes the parties to file a status report if they have settled, the parties have no issue with doing so. The parties further recognize the Court's existing and clear directive regarding

---

[1] This is because, as the various cases (including those cited by this Court) make clear, *Lynn's Food* simply mandates that *compromises* of FLSA *are unenforceable* if not reviewed by a court; *Lynn's Food* is not an independent source of jurisdiction over parties (nor, as courts have held, does it even preclude private settlement of FLSA claims; it merely states such settlements are unenforceable, which is why virtually no defendant would settle an FLSA claim which is not approved by a court). In any event, with respect to a judgment in arbitration, FLSA cases are no different—under *Lynn's Food* or otherwise—from other cases which go to arbitration.

how it expects any settlement in this case to look and be effectuated. This motion relates to non-settlement matters and, thus, matters outside the issue covered by *Lynn's Food*.[2]

10. The parties acknowledge and appreciate the Court's time and directives thus far, and believe this last clarification is the final issue the parties will require from the Court ahead of their arbitration.

Respectfully submitted,

| | |
|---|---|
| *s/ Gustavo A. Bravo* | *s/ Mendy Halberstam* |
| Gustavo A. Bravo, Esq. | Mendy Halberstam, Esq. |
| Florida Bar No. 551287 | Florida Bar No. 68999 |
| Email: *gbravo@lawbravo.com* | Email: *mendy.halberstam@jacksonlewis.com* |
| BRAVO LAW | Leslie Lagomasino Baum, Esq. |
| 1555 Bonaventure Blvd., Suite 2007 | Florida Bar No. 1007655 |
| Weston, FL 33326 | Email: *leslie.baum@jacksonlewis.com* |
| Telephone: (954) 790-6711 | JACKSON LEWIS P.C. |
| | One Biscayne Tower, Suite 3500 |
| *Attorney for Plaintiffs* | Two South Biscayne Boulevard |
| | Miami, Florida 33131 |
| | Telephone: (305) 577-7600 |
| | Facsimile: (305) 373-4466 |
| | |
| | *Attorneys for Defendant* |

---

[2] Requiring regular merits-based status reports, as well as requiring the parties to notify and report to the Court any ultimate judgment (if that is what the Court is, in fact, requiring) undermines the purpose of the parties' agreement to arbitrate by adding additional costs to this matter which they did not anticipate, and, if so, they may wish to instead simply stipulate to dismissal without prejudice, under the Eleventh Circuit's mandatory jurisdiction-removing rule established in *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012), to allow them to then arbitrate the claim to resolution on the merits without any additional costs attendant thereto.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 30, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

                                              *s/ Mendy Halberstam*
                                              Mendy Halberstam, Esq.

## SERVICE LIST

**United States District Court for the Southern District of Florida**
*Taroco, et al. v. M&M Chow LLC, d/b/a KC Market*
**CASE NO.: 0:21-cv-60006-STRAUSS**

| | |
|---|---|
| Gustavo A. Bravo, Esq.<br>Florida Bar No. 551287<br>Email: gbravo@lawbravo.com<br>BRAVO LAW<br>1555 Bonaventure Blvd., Suite 2007<br>Weston, FL 33326<br>Telephone: (954) 790-6711<br><br>*Attorney for Plaintiffs* | Mendy Halberstam, Esq.<br>Florida Bar No. 68999<br>Email: mendy.halberstam@jacksonlewis.com<br>Leslie Lagomasino Baum, Esq.<br>Florida Bar No. 1007655<br>Email: leslie.baum@jacksonlewis.com<br>JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7604<br><br>*Attorneys for Defendant* |